# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HICKAM, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br><br> Defendant. | NO. EDCV 10-1178 AGR <br><br><br> **MEMORANDUM OPINION AND ORDER** |

John Hickam ("Hickam") filed this action on August 16, 2010.[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on August 25 and 26, 2010. (Dkt. Nos. 8, 9.) On April 14, 2011, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court affirms the decision of the Commissioner.

///

///

---

[1] The spelling of Mr. Hickam's name has been corrected. (Dkt. No. 12.)

## I.

## PROCEDURAL BACKGROUND

On September 15, 2006, Hickam filed applications for disability insurance benefits and supplemental security income, alleging a disability onset date of September 1, 2004. Administrative Record ("AR") 9. The applications were denied initially and upon reconsideration. AR 9. Hickam requested a hearing before an Administrative Law Judge ("ALJ"). AR 9. On May 20, 2009, the ALJ conducted a hearing at which Hickam testified. AR 16-30. On September 2, 2009, the ALJ issued a decision denying benefits. AR 7-15. On July 21, 2010, the Appeals Council denied the request for review. AR 1-3. This action followed.

## II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada,* 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

The ALJ found that Hickam met the insured status requirements through March 31, 2007. AR 9, 11.

Hickam had the following severe combination of impairments: "depressive disorder, not otherwise specified and history of drug and alcohol abuse in allegedly short term remission." AR 11. Hickam had the residual functional capacity to perform a full range of work at all exertional levels with the following nonexertional limitations: "understand, remember or complete simple and complex commands with no significant limitations, interact appropriately with supervisors, co-workers, or the public with no limitations, comply with job rules such as safety and attendance with no significant limitations, respond to change in the normal workplace setting with no significant limitations, and maintain persistence and pace in a normal workplace setting with no significant limitations." AR 13.

The ALJ found Hickam was able to perform his past relevant work as a bus boy, fast foot restaurant cook, truck driver and part time school custodian. AR 15.

## C. Treating Medical Providers

Hickam contends that the ALJ failed to consider properly the opinions of Dr. Nguyen, his treating physician, and Ms. Torres, a social worker.

An opinion of a treating physician is given more weight than the opinion of a non-treating physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir.2007). When, as here, a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* at 632 (citations omitted and internal quotations omitted). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

Hickam has a history of alcohol and substance abuse. AR 12. The ALJ noted that Hickam was involuntarily hospitalized in 2006 due to erratic behavior after use of cocaine, methamphetamines and alcohol. AR 12, 161. He had been "abusing alcohol and drugs heavily." AR 161. He was observed stable for discharge three days later. AR 161. He denied feeling suicidal and hearing voices or hallucinations. *Id.* He was not interested in rehabilitation. AR 12, 161.

The ALJ noted that Hickam went to a public mental health clinic in January 2008. AR 12. On January 29, 2008, Ms. Torres conducted an "Adult Clinical Assessment" of Hickam. AR 222-26. Hickam denied suicidal or homicidal ideation and auditory or visual hallucinations, but reported he had experienced paranoid thoughts and auditory and visual hallucinations. AR 222. He last used methamphetamine two months earlier, and had used meth daily since he was 15 years old. AR 222. According to his mental status examination, Hickam was disheveled; cooperative; oriented to person, place, time and situation; spoke clearly and was easy to understand; was calm and in a good mood; had no memory problems; had paranoid thought processes but no other cognitive deficits; and had poor insight and judgment. AR 225.

Two days later, on January 31, 2008, Dr. Nguyen conducted an "Adult Psychiatric Evaluation." AR 215, 221. Dr. Nguyen found his appearance and hygiene within normal limits; agitated behavior; pressured speech; anxious mood and affect; auditory hallucinations; thought content within normal limits; paranoid delusions; fair insight and judgment; and memory within normal limits. AR 221. Hickam last used speed six weeks ago. AR 215. Dr. Nguyen diagnosed polysubstance abuse and stated that bipolar disorder and psychosis needed to be ruled out. AR 221. He gave Hickam a Global Assessment of Functioning ("GAF") score of 48. AR 221.

Progress notes indicate that on September 9, 2008, Hickam reported that he continues to use methamphetamine. AR 209. Hickam was advised to stop using all street drugs and alcohol.[2] AR 211. Hickam reported that he "seldom" had auditory hallucinations and sometimes felt depressed. AR 210. He appeared cooperative and well groomed. AR 209-11. He was not seen again until January 2009 due to arrest for being drunk in public. AR 208.

Although he did not mention Dr. Nguyen or Ms. Torres by name, the ALJ discussed and considered Hickam's treating records. AR 12-13. The ALJ specifically noted that Hickam reported a "history of ongoing paranoid ideation with auditory and visual hallucinations," but had a good mood and calm and collected demeanor. AR 12, 222, 225. The ALJ also noted that Hickam's mental status examination was normal "except for signs of agitation with anxious mood and complaints of auditory hallucinations and paranoid ideation." AR 12, 221. The ALJ observed that the mental status examination findings "do not reflect any deterioration in personal habits or problems with cognitive functioning. AR 13. The ALJ concluded that the level of Hickam's treatment did not indicate active

---

[2] It was recommended that Hickam attend Alcoholics Anonymous or Narcotics Anonymous. AR 209-10. The record does not indicate Hickam ever followed that advice.

hallucinations or a similar degree of psychiatric problems. AR 14.

Hickam's assertion that "the ALJ omitted from the RFC th[e] fact that Plaintiff's treating sources have given him significant mental limitations and restrictions" is not supported by the record. JS 17. Dr. Nguyen and Ms. Torres provided no opinions regarding Hickam's ability to perform work-related activities. Therefore, Hickam argues that "the fact that plaintiff has paranoid behavior influenced by auditory and visual hallucinations *would certainly indicate* that plaintiff would not be able to interact appropriately with supervisors, co-workers, or the public. The fact that plaintiff's intellectual functioning estimate was below average *would indicate* that plaintiff would not be able to understand or complete simple and complex commands." JS 17-18 (emphasis added). Hickam's conclusions are speculative. Hickam's argument that his GAF score of 48 in January 2008 "*would indicate* that plaintiff would not be able to function in a normal workplace setting with no significant limitations" fares no better.[3] JS 18 (emphasis added). The ALJ interpreted the treating records in January 2008 as possibly a second drug induced episode (the first one being in 2006). AR 12. With the exception of those two episodes, the ALJ concluded the mental status examination findings indicated Hickam did not have limitations beyond those in his residual functional capacity assessment. AR 12, 14.

The ALJ relied upon the opinions of the examining psychiatrist on April 9, 2007 and March 13, 2008. AR 12, 14, 172-179, 195-202. An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings. *Orn*, 495 F.3d at 632. Dr. Smith performed mental

---

[3] To the extent Hickam contends the ALJ erred in failing to discuss his GAF score, the contention lacks merit. An ALJ's failure to reference the GAF score alone does not make the RFC inaccurate. *Howard v. Commissioner*, 276 F.3d 234, 241 (6th Cir. 2002); *see also McFarland v. Astrue*, No. 06-35549, 2008 WL 2875315, **1 (9th Cir. July 25, 2008) (*citing* 65 Fed.Reg. 50,745, 50764-65 (Aug. 21, 2000))("[t]he Commissioner has determined the GAF scale 'does not have a direct correlation to the severity requirements in [the Social Security Administration's] mental disorder listings.'").

status examinations of Hickam which included assessments of his appearance/attitude/behavior, thought processes, thought content, mood and affect, speech, intellectual functioning, memory, fund of knowledge, concentration and calculation, abstraction, and insight and judgment. AR 176-78, 199-201. After both evaluations, Dr. Smith diagnosed methamphetamine abuse and marijuana abuse. AR 178, 201. She opined Hickam's ability to perform mental work-related activities was not impaired. AR 178-79, 202. Dr. Smith's opinions constitute specific and legitimate reasons for rejecting a treating physician's opinion. *Orn*, 495 F.3d at 632; *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ did not err.

### D. Past Relevant Work

Hickam contends the ALJ failed to consider the physical and mental demands of his past relevant work.

The ALJ found that Hickam's past relevant work as a bus boy, fast food restaurant cook, truck driver and part-time school custodian as actually performed did not require the performance of work-related activities precluded by his residual functional capacity. AR 15.

"At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his prior relevant work 'either as actually performed or as generally performed in the national economy.'" *Carmickle v. Comm'r of Soc. Sec. Admin*, 533 F.3d 1155, 1166 (9th Cir. 2008) (citation omitted). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). "This is done by looking at the 'residual functional capacity and the physical and mental demands' of the claimant's past relevant work." *Id.* at 844-45; *see also* 20 C.F.R. §§ 404.1520(e) & 416.920(e).

As discussed above, the ALJ's residual functional capacity assessment

that Hickam had no significant physical or mental limitations was supported by substantial evidence. Hickam does not identify any inconsistency between the ALJ's residual functional capacity assessment and his past relevant work as he actually performed it. *See, e.g.,* AR 108-09. Hickam has not shown error. Alternatively, any error was harmless. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless.").

## IV.
## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: December 9, 2011

ALICIA G. ROSENBERG
United States Magistrate Judge